## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SAMUEL BARKER                                          CIVIL ACTION

VERSUS                                                      NO. 21-1997

DARREL VANNOY, WARDEN                         SECTION: "E" (3)

## ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by then Magistrate Judge Dana M. Douglas ("Magistrate Judge"), recommending Petitioner Samuel Barker's ("Petitioner") Petition for Writ of Habeas Corpus[2] be dismissed with prejudice.[3] Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[4] For the reasons below, the Court **ADOPTS** the Report and Recommendation as its own and **DENIES** Petitioner's application for relief.

## BACKGROUND

On August 7, 2015, Petitioner was charged with nine offenses by bill of information, including: two counts of simple burglary, in violation of La. R.S. 14:62(B) (counts one and four); one count of possession of burglary tools, in violation of La. R.S. 14:95(A)(3) & (B)(2) (count two); two counts of simple criminal damage to property, in violation of La. R.S. 14:56(A)(1) & (B)(2) (counts three and seven); two counts of felony theft, in violation of La. R.S. 14:67(B)(3) (counts five and six); and two counts of attempted simple burglary of an inhabited dwelling, in violation of La. R.S. 14:(27)62.2 (counts eight and nine).[5]

---

[1] R. Doc. 29. Documents filed in the federal habeas action before this Court, case no. 21-1997, are cited as "R. Doc. #" whereas documents from the state court record are cited as "State Rec., Vol. # of #."
[2] R. Doc. 1-1.
[3] R. Doc. 29.
[4] R. Doc. 31. Respondent did not respond to Petitioner's objections.
[5] State Rec., Vol. 2 of 21; State Rec., Vol. 21 of 21.

A jury trial was held in November 2016. The jury was the trier of fact for the felony counts and the judge was the trier of fact for the misdemeanor counts. On November 9, 2016, the jury found Petitioner guilty on counts one, three, four, five, six, and nine, and guilty of the lesser included misdemeanor offense of criminal trespass on Count eight.[6] On the following day, the trial judge convicted Petitioner on count two but found Petitioner not guilty on count seven.[7] The court initially sentenced Petitioner to twelve years on counts one and four; six months on counts two and eight; two years on count three; ten years on counts five and six; and six years on count nine.[8] Petitioner was subsequently charged as a habitual offender with respect to the felony convictions and resentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence on counts one and four; and twenty years without parole, probation, or suspension of sentence on counts three, five, six, and nine.[9] The Louisiana Fourth Circuit Court of Appeal ("Louisiana Fourth Circuit") affirmed his convictions and sentences, and the Louisiana Supreme Court denied his writ application.[10] Before the direct review of Petitioner's state court proceedings concluded, Petitioner filed numerous pleadings in state court seeking collateral review:

    i.    A "Motion for Correction of Premature, Infirm and Invalid Multiple Offender Sentence Based on Application of New Louisiana Supreme Court Ruling";

    ii.    Two motions to correct illegal sentence;

    iii.    An application for post-conviction relief;

    iv.    An "Omnibus Motion Challenging Constitutionality of Statutory Provision and Illegal Sentence."[11]

---

[6] *Barker v. Vannoy*, No. 17-6674, 2018 WL 2376362, at *1 (E.D. La. Apr. 2, 2018), *R. & R. adopted*, No. 17-6674, 2018 WL 2364903 (E.D. La. May 24, 2018).

[7] *Id.*

[8] State Rec., Vol. 6 of 21; State Rec., Vol. 1 of 21.

[9] State Rec., Vol. 2 of 21; State Rec., Vol. 6 of 21; State Rec., Vol. 1 of 21.

[10] *State v. Barker*, 317 So. 3d 422, 455-56 (La. App. 4th Cir. 2018); *State v. Barker*, 267 So. 3d 85 (La. 2019).

[11] The Court only notes motions Petitioner exhausted by presentation to the Louisiana Supreme Court because only these are properly before this Court for federal habeas review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

All such motions were denied in the trial court and on writ to the Louisiana Fourth Circuit and the Louisiana Supreme Court.

Petitioner also filed three federal habeas petitions.[12] The first two petitions were dismissed with prejudice. Petitioner filed the instant petition, his third, on October 29, 2021,[13] arguing nine claims for relief:

    i.    Multiple public defenders provided Petitioner with ineffective counsel thereby denying him his constitutional right to effective counsel;[14]

    ii.    Petitioner's trial counsel could not provide Petitioner with unbiased representation as a result of a conflict of interest arising after including trial counsel as a defendant in a civil lawsuit filed by Petitioner;[15]

    iii.    Petitioner's trial counsel was ineffective for conceding Petitioner's guilt to the jury;[16]

    iv.    Petitioner's trial judge was biased against Petitioner;[17]

    v.    There existed a conflict of interest between Petitioner and the trial judge;[18]

    vi.    Petitioner was prejudiced as a result of his charges being joined rather than severed for separate trials;[19]

    vii.    The evidence was insufficient to support Petitioner's convictions;[20]

    viii.    Various violations were committed during Petitioner's sentencing as a habitual offender;[21] and

    ix.    Petitioner's sentence was "constitutionally excessive."[22]

On May 4, 2022, Respondent Darrell Vannoy ("Respondent") filed a response asserting that Petitioner's claims were "either procedurally defaulted or meritless."[23] The Magistrate Judge issued her Report and Recommendation on September 12, 2022,

---

[12] R. Doc. 29 at p. 4 (citing *Barker*, No. 17-6674, 2018 WL 2376362; *Barker v. Vannoy*, No. 18-11696, 2019 WL 2305263 (E.D. La. Mar. 8, 2019), *R. & R. adopted*, 2019 WL 2303816 (E.D. La. May 30, 2019)).

[13] R. Doc. 1-1.

[14] *Id.* at p. 8.

[15] *Id.* at p. 21.

[16] *Id.* at p. 27.

[17] *Id.* at p. 30.

[18] *Id.* at p. 35.

[19] *Id.* at p. 38.

[20] *Id.* at p. 40.

[21] *Id.* at p. 45.

[22] *Id.* at p. 51.

[23] R. Doc. 24 at p.1.

recommending Petitioner's Petition be dismissed with prejudice.[24] Petitioner timely objected on September 26, 2022.[25]

## LEGAL STANDARD

In reviewing the Magistrate Judge's Report and Recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[26] As to the portions of the report to which Petitioner did not object, the Court need only review those portions to determine whether they are clearly erroneous or contrary to law.[27]

### The Anti-Terrorism and Effective Death Penalty Act of 1996

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[28] A federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[29] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court

---

[24] R. Doc. 29.
[25] R. Doc. 31.
[26] *See* 28 U.S.C. § 636(b)(1)(C) (2018) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[27] *Id.* § 636(b)(1)(A).
[28] 28 U.S.C. § 2254(d)(2).
[29] *Id.* § 2254(d)(1).

decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[30]

The AEDPA requires that a federal court "accord the state trial court substantial deference."[31] However, the AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts.[32]

### Ineffective assistance of counsel

In *Strickland v. Washington*, the Supreme Court established a two-pronged test for evaluating claims of ineffective assistance of counsel. Specifically, a petitioner seeking relief must demonstrate *both*: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.[33] A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."[34] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."[35]

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.[36] "Counsel's performance is deficient if it falls below an objective standard of reasonableness."[37] Analysis of counsel's performance must consider

---

[30] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).
[31] *Brumfield v. Cain*, 576 U.S. 305, 314 (2015).
[32] § 2254(d); *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).
[33] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[34] *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).
[35] *Strickland*, 466 U.S. at 689.
[36] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).
[37] *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).

the reasonableness of counsel's actions in light of all the circumstances.[38] "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"[39] A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.[40]

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[41] In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."[42] In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[43] If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry—deficient performance or actual prejudice—it may dispose of the ineffective assistance claim without addressing the other prong.[44]

For purposes of federal habeas review, the issue of ineffective assistance of counsel presents a mixed question of law and fact.[45] As such, the question is whether the state court's denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent, namely *Strickland*.[46] "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly

---

[38] *See Strickland*, 466 U.S. at 689.
[39] *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).
[40] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).
[41] *Strickland*, 466 U.S. at 694.
[42] *Id.*
[43] *Crockett*, 796 F.2d at 793.
[44] *Strickland*, 466 U.S. at 697.
[45] *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994).
[46] *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000).

[deferential]."[47] The Supreme Court has stressed, in no uncertain terms, that "a federal court may grant relief only if every "'fairminded juris[t]'" would agree that every reasonable lawyer would have made a different decision.[48]

## LAW AND ANALYSIS

### I.    Petitioner's first objection

Petitioner's first objection is that "[t]he Magistrate Judge's assessing of 'inadequate consultation and investigation' could be more properly phrased: 'no consultation and no investigation.'"[49] This objection encompasses several arguments. Petitioner argues the Magistrate Judge used "sub-issues" to "overcome an unovercomable [sic] constitutional violation."[50] As examples of these "sub-issues," Petitioner cites the Magistrate Judge's (1) use of the "Rules of Evidence" to "supersede the right to defense," (2) refusal to expand the record, (3) and adoption of erroneous facts.[51]

Petitioner's third example involves the allegedly erroneous facts adopted related to Petitioner's trial counsel's lack of visits to him and lack of investigation of Petitioner's case and a civil suit Petitioner filed.[52] Specifically, Petitioner objects to the Magistrate Judge's adoption of the Louisiana Fourth Circuit's allegedly erroneous statement that Petitioner "refused assistance of counsel at every juncture in this judicial proceeding."[53] Petitioner also challenges the Magistrate Judge's "erroneous claim [that] Petitioner supports none of his allegations."[54] In conclusion, Petitioner explains that the Magistrate Judge

---

[47] *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted).
[48] *Dunn v. Reeves*, 141 S. Ct. 2405 (2021) (citing *Richter*, 562 U.S. at 101).
[49] R. Doc. 31 at p. 1.
[50] *Id.*
[51] *Id.* at pp. 1-3.
[52] *Id.* at pp. 1-2.
[53] *Id.* at 2; R. Doc. 29 at p. 38.
[54] R. Doc. 31 at pp. 1-2.

"ignore[d]" that Petitioner's counsel neither visited Petitioner nor investigated Petitioner's case.[55]

Petitioner's third example is a challenge to the Magistrate Judge's findings of fact.[56] First, Petitioner challenges the Magistrate Judge's finding on whether Petitioner's trial counsel visited him and whether she investigated Petitioner's case.[57] This relates to Petitioner's first ground for relief, which relies on a *Strickland* claim.[58] The Magistrate Judge rejected Petitioner's *Strickland* claim based on his counsel's lack of visits and lack of investigation on *Strickland*'s prejudice prong.[59] The Magistrate Judge found that, even if Petitioner could prove his trial counsel never visited him and never investigated his case, Petitioner failed to show resulting actual prejudice through record evidence.[60] Instead of record evidence, Petitioner cited uncorroborated allegations in an attempt to establish actual prejudice.[61] As the Magistrate Judge correctly found, unsupported allegations are insufficient to establish actual prejudice.[62] Since Petitioner could not show actual prejudice, whether the Magistrate Judge adopted the Louisiana Fourth Circuit's characterization of Petitioner's trial counsel's conduct as deficient does not affect the Magistrate Judge's holding on Petitioner's *Strickland* claim. Put another way, the Magistrate Judge found that Petitioner could not show prejudice under *Srickland*. As a result, the Magistrate Judge's finding on Petitioner's ineffective assistance of counsel

---

[55] *Id.* at p. 3.
[56] *Id.* at pp. 1-3.
[57] *Id.* at p. 3.
[58] R. Doc. 1-1 at pp. 8-20; R. Doc. 29 at pp. 37-47.
[59] R. Doc. 29 at pp. 37-47.
[60] *Id.* at pp. 43-47.
[61] *Id.*; R. Doc. 1-1 at pp, 9, 18 (discussing the evidence Petitioner claims his counsel would have found and admitting it "no longer likely exists").
[62] R. Doc. 29 at pp. 45-47 (collecting cases).

claim did not depend on the Magistrate Judge's factual findings about Petitioner's trial counsel's conduct. There is no error here.

Concerning the Magistrate Judge's alleged adoption of findings of facts that are unsupported, Petitioner does not show any of the facts the Magistrate Judge adopted are false. The state court record and state court opinion on direct appeal support the Magistrate Judge's factual findings and the Magistrate Judge was entitled to rely on the state court's factual determinations.[63]

Next, on Petitioner's first example, his "Rules of Evidence" argument, Petitioner does not explain how the Magistrate Judge used the evidentiary rules to "supersede" Petitioner's right to effective assistance of counsel.[64] This objection fails for lack of specificity.[65]

In Petitioner's second example, he takes issue with the Magistrate Judge's refusal to expand the record. While unclear, Petitioner appears to be referencing the Magistrate Judge's order denying Petitioner's request to expand the record.[66] This objection does not reference the Report and Recommendation and is therefore irrelevant.

## II.   Petitioner's second objection

Petitioner's second objection challenges the Magistrate Judge's decision not to analyze Petitioner's argument that his counsel was constitutionally deficient for failure to visit him in jail and failure to investigate Petitioner's case under *United States v. Cronic*, 466 U.S. 648 (1984).[67] In *Cronic*, the Supreme Court recognized "[t]here are . . . circumstances that are so likely to prejudice the accused that the cost of litigating their

---

[63] *Brumfield*, 576 U.S. at 314.
[64] R. Doc. 31 at p. 1.
[65] *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023).
[66] R. Doc. 31 at p. 1; R. Doc. 30.
[67] R. Doc. 31 at pp. 3-6.

effect in a particular case is unjustified."[68] One such circumstance the Court identified "is the complete denial of counsel."[69] When there is a "complete denial of counsel," an individual need not meet *Strickland*'s prejudice prong to prevail on his ineffective assistance of counsel claim.[70] Petitioner is arguing his case fits into this circumstance and thus the Magistrate Judge should have applied *Cronic* to find that there was ineffective assistance of counsel per se.[71]

The Magistrate Judge declined to apply *Cronic* and, instead, reviewed Petitioner's ineffective assistance of counsel argument under *Strickland*.[72] As the basis for this decision, the Magistrate Judge first looked to *Johnson v. Cockrell*, 301 F.3d 234 (5th Cir. 2002) to demonstrate *Cronic*'s limited applicability.[73] In *Johnson*, the Fifth Circuit noted the Supreme Court's statement that *Cronic* only applies when the attorney's failure is "complete."[74] The court further explained, "[a] constructive denial of counsel occurs . . . in only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance."[75]

The Magistrate Judge then referred back to the AEDPA's standard of review to explain that the magistrate judge, under AEDPA review, only analyzes whether Petitioner has shown that the state court decision was clearly contrary to federal law, as determined by the Supreme Court.[76] In this case, the state court applied *Strickland*, not *Cronic*, to

---

[68] 466 U.S. at 658.
[69] *Id.* at 659.
[70] *Id.*
[71] R. Doc. 31 at pp. 3-6.
[72] R. Doc. 29 at pp. 41-43.
[73] *Id.* at p. 42.
[74] 301 F.3d at 238 (quoting *Bell v. Cone*, 535 U.S. 685, 697 (2002)).
[75] *Id.* (quoting *Jackson v. Johnson*, 150 F.3d 520, 525 (5th Cir. 1998)).
[76] R. Doc. 29 at p. 42.

Petitioner's claims.[77] Because Petitioner did not show that the Supreme Court has held *Cronic* to be applicable to claims like Petitioner's, the Magistrate Judge found that she must apply *Strickland*.[78] This was a correct application of the law.

Petitioner does not point to any Supreme Court precedent mandating *Cronic*'s application in this situation or showing that the state court erred by applying *Strickland*.[79] Rather than citing Supreme Court precedent showing that the state court was wrong to apply *Strickland*, Petitioner reiterates his arguments that he believes show *Cronic*'s applicability and the complete failure of his trial counsel to provide legal representation.[80] This does not entitle Petitioner to habeas relief and does not show the Magistrate Judge's application of *Strickland*, rather than *Cronic*, to be inappropriate.

## III.   **Petitioner's third objection**

Petitioner's third objection attacks the Magistrate Judge's finding on whether Petitioner's trial counsel had a conflict of interest.[81] The Magistrate Judge characterized the conflict of interest issue as whether Petitioner created a conflict of interest by adding his trial counsel as a defendant in a civil lawsuit.[82] The Louisiana Fourth Circuit explained, "Mr. Barker's *pro se* supplemental brief, taken as a whole, appears to corroborate the notion that he attempted to fabricate a conflict of interest by suing the judge and his attorney, and then attempted to use that spurious conflict of interest to avoid prosecution."[83] After reviewing the Louisiana Fourth Circuit's dicta on the conflict of interest issue and discussing the applicable federal law, the Magistrate Judge found that

---

[77] State Rec., Vol. 21 of 21.
[78] R. Doc. 29 at pp. 42-43.
[79] R. Doc. 31 at pp. 3-6.
[80] *Id.*
[81] *Id.* at pp. 7-8.
[82] R. Doc. 29 at pp. 47-50.
[83] *Barker*, 317 So. 3d at 461 n.32.

Petitioner did not show the state court applied federal law in an unreasonable manner. As a result, Petitioner could not show he was entitled to AEDPA relief.[84]

To obtain federal habeas relief, Petitioner is required to show an error of federal law in the Louisiana Fourth Circuit's opinion.[85] Under federal law, a criminal defendant cannot manufacture a conflict of interest with his court appointed counsel through filing a lawsuit against counsel.[86] Petitioner did not show any error of federal law in the Louisiana Fourth Circuit's opinion on this issue.[87] Most of Petitioner's arguments on the conflict of interest issue are in reality just a recitation of facts about a potential conflict of interest between Petitioner and his trial counsel.[88] Given Petitioner's failure to highlight any issue of federal law in the state court's disposition of the conflict of interest issue, Petitioner is not entitled to federal habeas relief. The Magistrate Judge's finding is correct.

Additionally Petitioner asserts, in conclusory fashion, "every allegation by every state actor—and now the Magistrate Judge—is wholly unsupported." Such a conclusory accusation is not only unsupported, but is not a legally proper objection for reasons discussed below.[89]

The remainder of Petitioner's third objection consists of factual allegations, which do not constitute objections, and Petitioner's continued advocacy for the application of *Cronic*.[90] *Cronic* is inapplicable for reasons stated above.[91]

---

[84] R. Doc. 29 at pp. 47-50.
[85] § 2254(d)(1).
[86] *Everett v. Louisiana*, No. 08-4745, 2009 WL 1971370, at *8 (E.D. La. July 7, 2009); *see also Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980); *Mickens v. Taylor*, 535 U.S. 162, 171 (2002).
[87] R. Doc. 1-1; R. Doc. 31.
[88] R. Doc. 1-1 at pp. 21-26; R. Doc. 31 at pp. 7-8.
[89] *See infra* at pp. 18-19.
[90] R. Doc. 31 at pp. 7-8.
[91] *See supra* at pp. 9-11.

## IV.     Petitioner's fourth objection

Petitioner's fourth objection attacks the Magistrate Judge's analysis of Petitioner's judicial bias claim.[92] Petitioner takes issue with the Magistrate Judge's quotation of the trial record because he claims the Magistrate Judge omits necessary context.[93] Petitioner next claims that the Magistrate Judge neglected to cite certain Louisiana Code of Criminal Procedure articles pertinent to Petitioner's argument.[94]

At the beginning of Petitioner's trial, Petitioner operated as "hybrid counsel" and the trial court allowed Petitioner to give an opening statement in addition to his trial counsel's opening statement.[95] An exchange between Petitioner and the trial judge during Petitioner's opening statement forms the basis of Petitioner's judicial bias claim. During the referenced exchange, Petitioner attempted to raise a motion for mistrial and stated that it had been "516 days and [he had] never had an attorney."[96] The trial judge responded that Petitioner's statement was "false," and that Petitioner would not be allowed to "mislead the jury."[97] Later, the trial judge, without being prompted, "admonished the jury to disregard any impression of guilt or innocence the court may or may not have indicated at any point during trial."[98] While the Magistrate Judge did quote the above exchange in her Report and Recommendation, the Magistrate Judge did not quote the portion of Petitioner's trial counsel's opening statement in which Petitioner's trial counsel claimed the jurors should return a "mostly not guilty" verdict against

---

[92] R. Doc. 31 at pp. 9-11.
[93] *Id.*
[94] *Id.*
[95] R. Doc. 29 at pp. 12, 65-67.
[96] *Id.* at pp. 65-67.
[97] *Id.*
[98] *Id.* at p. 68 (quoting *Barker*, 317 So. 3d at 456).

Petitioner.[99] Petitioner claims that this "mostly not guilty" comment is what caused Petitioner to have to give an opening statement. Petitioner argues the comment contextualizes his exchange with the trial judge during his opening statement that led to the trial judge saying Petitioner's statement was false and telling Petitioner he could not mislead the jury.[100]

Petitioner overlooks the fact that the Magistrate Judge quoted the "mostly not guilty" line three times in her Report and Recommendation.[101] The Magistrate Judge did consider this statement. The Magistrate Judge also noted that she considered the "transcript as a whole" when analyzing Petitioner's judicial bias argument.[102] It was appropriate for the Magistrate Judge to conclude, in agreement with the Louisiana Fourth Circuit, that the sole interchange between the trial judge and Petitioner during Petitioner's opening statement was not indicative of judicial bias. Even considering the context of Petitioner's trial counsel's "mostly not guilty" statement, Petitioner still highlights only one incident of alleged bias.[103] More importantly, the Louisiana Fourth Circuit rejected Petitioner's bias claims and Petitioner shows no error of federal law entitling him to federal habeas relief based on this rejection.[104]

To the extent Petitioner takes issue with the Magistrate Judge's failure to cite Louisiana Code of Criminal Procedure articles, Petitioner's argument is not well taken.[105] These articles relate to state law. As the Magistrate Judge detailed, issues of state law are

---

[99] *Id.* at pp. 50-51, 55; R. Doc. 31 at pp. 9-11.
[100] R. Doc. 31 at pp. 9-11.
[101] R. Doc. 29 at pp. 50-51, 55.
[102] *Id.* at p. 68.
[103] *Patterson v. Cain*, No. 10-4587, 2011 WL 7962615, at *12 (E.D. La. Oct. 14, 2011) ("[F]lashes of exasperation are not uncommon during the course of a multi-day trial, and they certainly are not evidence of judicial bias."), *R. & R. adopted*, No. 10-4587, 2012 WL 1933748 (E.D. La. May 29, 2012).
[104] R. Doc. 31 at pp. 9-11; R. Doc. 29 at pp. 67-68 (quoting *Barker*, 317 So. 3d at 455-56).
[105] R. Doc. 31 at pp. 9-11.

not properly raised on federal habeas review. Petitioner must show an error of federal, not state, law to obtain federal habeas relief.[106]

## V.    Petitioner's fifth objection

Petitioner's fifth objection is to the Magistrate Judge's decision not to apply *McCoy v. Louisiana*, 584 U.S. 414 (2018).[107] This objection relates to Petitioner's argument that his trial counsel was ineffective for conceding Petitioner was "mostly not guilty."[108] Petitioner claims that since his trial counsel conceded Petitioner's guilt against Petitioner's will, *McCoy* applies to his ineffective assistance of counsel claim rather than *Strickland*.[109]

In *McCoy*, the Supreme Court held, "[w]hen a client expressly asserts that the objective of 'his defence [sic]' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt."[110] Petitioner argues that because he pleaded "not guilty" and went to trial for the crimes charged against him, he expressly asserted his innocence.[111] Petitioner argues his trial counsel went against Petitioner's express assertion of innocence with two statements.[112] The first came in opening statements: "I believe that if you listen to the facts you will come back with mostly not guilty. I don't think that you will be able to come back with anything less than possibly criminal trespass."[113] The second was in closing argument: "I'm going to ask you to come back with not guilty on all counts. If you feel there is a count he should

---

[106] R. Doc. 29 at p. 69.
[107] R. Doc. 31 at pp. 11-12.
[108] R. Doc. 29 at pp. 50-60.
[109] *Id.*; R. Doc. 31 at pp. 11-12.
[110] *McCoy*, 584 U.S. at 423.
[111] R. Doc. 31 at pp. 11-12.
[112] *Id.*
[113] R. Doc. 29 at pp. 55.

come back guilty for, the Dublin house and the entry of criminal trespass is the only one I find that would be appropriate."[114] Using Petitioner's not guilty plea and the above quotes, Petitioner urges the Magistrate Judge should have applied *McCoy*.[115]

The Magistrate Judge provided four reasons for why *Strickland* applies rather than *McCoy*.[116] First, Petitioner's trial counsel conceded only that Petitioner was guilty of criminal trespass, a crime with which Petitioner was not charged.[117] Several courts outside of this circuit have held that *McCoy* does not apply when trial counsel concedes guilt to a crime with which the defendant was not charged.[118] Anticipating Petitioner's counter argument, the Magistrate Judge recognized that the trial judge told jurors they could find Petitioner guilty of criminal trespass as a lesser included offense to the burglary charge.[119]

This led the Magistrate Judge to supply three more reasons for *McCoy*'s inapplicability: (1) "the United States Supreme Court has never addressed the question of whether *McCoy* applies where counsel did not concede guilt of a charged offense but instead conceded guilt only of a lesser included misdemeanor offense;" (2) Petitioner's trial counsel "made clear in her closing argument that she was not expressly conceding that petitioner was guilty of criminal trespass;" and (3) there is no record evidence of Petitioner expressly instructing his trial counsel not to make such a concession.[120] Each of the Magistrate Judge's arguments holds weight under de novo review.

Initially, the Magistrate Judge is correct to point out the Supreme Court has never expressly held *McCoy* to apply to a case like Petitioner's in which the trial counsel

---

[114] *Id.*
[115] R. Doc. 31 at pp. 11-12.
[116] R. Doc. 29 at pp. 55-60.
[117] *Id.* at pp. 56-57; State Rec., Vol. 21 of 21.
[118] R. Doc. 29 at pp. 56-57 (collecting cases).
[119] *Id.* at p. 57; State Rec., Vol. 17 of 21.
[120] R. Doc. 29 at pp. 58-59.

conceded guilt only to a lesser included offense.[121] Second, Petitioner's trial counsel did not explicitly concede Petitioner was guilty of criminal trespass, but just that, if anything, Petitioner is guilty of nothing more than criminal trespass.[122] In other words, Petitioner's trial counsel did not expressly concede Petitioner's guilt of any crime.[123] Finally, there is no record evidence of Petitioner expressly instructing his trial counsel to refrain from conceding his guilt, even if Petitioner did plead not guilty. *McCoy* does not apply to Petitioner's case.

## VI.   Petitioner's sixth and seventh objections

As part of Petitioner's arguments in ground eight for relief (Petitioner's "sentencing arguments"), Petitioner challenged: (1) the Louisiana habitual offender statute's classification of his prior crimes and (2) whether Petitioner's multiple bill of information was timely filed under Louisiana law.[124] Objections six and seven are directed at the Magistrate Judge's denial of these two sentencing arguments for failure to show a reviewable error of federal law.[125] Both of Petitioner's sentencing arguments above were rejected on direct appeal and during Petitioner's post-conviction proceedings.[126] Both of Petitioner's sentencing arguments above also implicate state law.[127] The Magistrate Judge observed these facts and correctly concluded that Petitioner is alleging issues of state law, which are not properly raised on federal habeas review. As the Magistrate Judge wrote, "[b]ecause a federal court does 'not sit as a 'super' state supreme court,' this Court simply lacks authority to 'review a state court's interpretation of its own law in a federal habeas

---

[121] *Id.* at p. 58.
[122] *Id.* at pp. 55, 58.
[123] *Id.*
[124] R. Doc. 1-1 at pp. 45-51; R. Doc. 31 at pp. 12-14.
[125] R. Doc. 31 at pp. 12-14.
[126] R. Doc. 29 at pp. 70-82.
[127] *Id.*

corpus proceeding.'"[128] Once more, Petitioner must show an error of federal law to obtain federal habeas relief. He has not done so. Accordingly, the Magistrate Judge made no error in addressing Petitioner's sentencing arguments.

The Magistrate Judge further found Petitioner's federal law sentencing arguments raised in objections six and seven to be procedurally barred from federal habeas review for failure to exhaust.[129] Petitioner did not object to this finding and the Court does not find it clearly erroneous or contrary to law.[130] Petitioner's failure to exhaust his federal law sentencing arguments moots objections six and seven because Petitioner does not show that he exhausted the arguments implicated in his sixth and seventh objections.[131]

## VII.   Petitioner's eighth and ninth objections

Petitioner's eighth objection is to the Magistrate Judge's "attitude" and "position" taken in the Report and Recommendation.[132] Petitioner's ninth objection concerns Respondent's "fail[ure] to answer [Petitioner's] individual allegations of the claims."[133] Since Respondent did not "properly answer" Petitioner's Petition,[134] Petitioner argues "it was error for the Magistrate Judge to write the" Report and Recommendation.[135]

Neither objection is proper. Petitioner does not point out specifically where he believes the Magistrate Judge erred in either objection, whether it be in her fact-finding, legal analysis, or otherwise.[136] Objection eight appears to be to the Magistrate Judge's tone and reliance on record evidence while objection nine is not to the Report and

---

[128] *Id.* at pp. 81-82 (quoting *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991)).
[129] *Id.* at pp. 82-85.
[130] R. Doc. 31.
[131] *Id.* at pp. 12-14.
[132] *Id.* at p. 15.
[133] *Id.* at p. 16.
[134] Respondent did file a response to Petitioner's Petition. R. Doc. 24.
[135] R. Doc. 31 at p. 16.
[136] *Id.* at pp. 15-16.

Recommendation but is to the Respondent's response to Petitioner's Petition.[137] Thus, the objections do not meet the requirements of Rule 72 of the Federal Rules of Civil Procedure. Having found objections eight and nine failed to specifically object to the Report and Recommendation, the Court is not required to review under a de novo standard for these objections.

In objection eight, Petitioner also renews his objection to the Magistrate Judge's denial of his request to expand the record.[138] This objection is rejected for the reasons stated above.[139]

## VIII.  The portions of the Magistrate Judge's Report and Recommendation not objected to are not clearly erroneous or contrary to law

Having carefully reviewed the record, the Petition for Writ of Habeas Corpus,[140] the Report and Recommendation,[141] and the applicable law, the Court finds the Magistrate Judge's unobjected to findings are not clearly erroneous or contrary to law.

<u>CONCLUSION</u>

**IT IS ORDERED** that the petition for federal habeas corpus relief filed by Samuel Barker is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 24th day of September, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[137] *Id.*
[138] *Id.* at p. 15.
[139] *See supra* at p. 9.
[140] R. Doc. 1-1.
[141] R. Doc 29.